United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50108
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

versus

DORA VIRGINIA OSORIO DE KEITH, also known as
Dora Laverne Keith, also known as Dora Virginia
Keith, also known as Clara Gonzalez, also known
as Clara Gonzalez de Gomez,

                                      Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CR-444-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Dora Virginia Osorio de Keith appeals the sentence imposed
following her guilty plea conviction of being found in the United
States after deportation/removal in violation of 8 U.S.C. § 1326.
Osorio de Keith contends that 8 U.S.C. § 1326(a) and 8 U.S.C.
§ 1326(b) define separate offenses. She argues that the prior
conviction that resulted in her increased sentence is an element

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in her indictment. Osorio de Keith maintains that she pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). She argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Osorio de Keith acknowledges that her argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). She seeks to preserve her argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.